UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLA BOUVIER, | |
| Plaintiff, | |
| -against- | 24-CV-1374 (LTS) |
| CAROLINE LEE BOUVIER KENNEDY SCHLOSSBERG; HYPERION BOOKS, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and asserting that her "ina[lien]able rights have been violated due to [her] biological status." (ECF 1, at 2.)[1] Named as defendants are Caroline Bouvier Kennedy Schlossberg and Hyperion Books. By order dated May 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, who is a resident of Saugerties, New York, brings this action against Caroline Bouvier Kennedy Schlossberg ("Schlossberg") and Hyperion Books seeking money owed to her from "trusts/inheritances." (ECF 1, at 5.) Plaintiff uses the court's general complaint form and checks the box on the form to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, she writes, "Civil Liberties and my right to live freely as a biracial woman in the United States of America. My ina[lien]able rights have been violated due to my biological status." (*Id*. at 2.)

The following information is drawn from the complaint. Since 2006, Plaintiff was "forced into uncompr[o]mising situ[at]ions with certain male individuals" that her confidants considered tantamount to "human traff[i]cking." (*Id*. at 5.) In 2009, one of the men, Rick Fusaro, "made a video confession of being sent to tear [Plaintiff's] life down by way of someone in a political office."[2] (*Id*.) Plaintiff believes that her "life and [] businesses were compromised to

---

[2] In 2015, Plaintiff filed a complaint against Frederick C. Fusaro in the United States District Court for the District of Massachusetts. She asserted that she and Fusaro were in a relationship and accused him of terrorizing her children, drug trafficking, and conspiring to murder her. The District of Massachusetts dismissed that action by electronic order, finding that "[w]hile [the] case state[d] a cause of action for civil conspiracy, it fail[ed] to allege any matter within the purview of the federal courts, either by statute or through diversity of citizenship." *Bouvier v. Fusaro*, No. 15-CV-10469 (WGY) (D. Mass. July 30, 2015).

Plaintiff has filed other actions in federal courts, including this court, that have been dismissed for failure to state a claim, as frivolous, or for lack of subject matter jurisdiction. *See Bouvier v. Salisbury*, No. 16-CV-2616 (LAP) (S.D.N.Y. May 5, 2016) (claims that defendant, whom Plaintiff was in a relationship with, conspired to murder her; dismissed for failure to state

keep her isolated," and that the "isolation escalated after learning the people that raised her were not her biological parents having no remorse for her family or special needs child." (*Id.*)

Plaintiff has a file of "vario[u]s police reports of eminent threats made on her live over the past 25 years and more." (*Id.*) In or about 2015, she asked a state trooper "why were these threats consequitively continue and now on her innocent children," and he responded, "Ms. Bouvier have you heard about the Jackie Bouvier Kennedy Onassis Trust." (*Id.*) Plaintiff "was mortified and in complete denial that these things were happening to [her]." (*Id.*) She has "survived the unimaginable," but is still receiving threats. (*Id.*) In 2017, Plaintiff wrote a "private letter of plea" to Defendant Schlossberg in which she explained that "her and her children's lives were torn down savagely," and that she was "willing to forgive the past and move to the future." (*Id.*) Plaintiff was "hoping to resolve this matter discreetly," but she received no response from Defendant Schlossberg. (*Id.*)

Plaintiff asserts that for the past 25 years, she has "suffered irreconcible damages from mental anguish to mental stress," and she seeks "her part of the Trust inheritances that are due her." (*Id.* at 6.)

---

a claim and as frivolous); *Bouvier v. Bus*h, No. 14-CV-14331 (WGY), ECF 5 (D. Mass. Dec. 29, 2014) (claims that former federal officials, including George W. Bush and Hillary Rodham Clinton, conspired to murder her or cause her injury because she is "[t]hird daughter of Sir John Vernou Bouvier III" and the half-sister of "Queen of Camelot Jacqueline Bouvier Kennedy Onassis"; dismissed because assertions were "fanciful" or "fantastic"); *Bouvier v. Mass.*, No. 09-CV-10865 (PBS), 2009 WL 2232591, at *1 (D. Mass. July 20, 2009) (claims against the Commonwealth of Massachusetts and multiple individuals of her and children being "the victims of slavery, slave trading, sabotage, prostitution, conspiracy with intent to kill or murder, theft and robbery"; dismissed for failure to comply with Fed. R. Civ. P. 8, failure to state a cognizable claim, and failure to state a basis of subject matter jurisdiction).

## DISCUSSION

**A.     Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff brings claims seemingly premised on her belief that she is biologically related to Jacqueline Bouvier Kennedy Onassis and that she experienced harassment and discrimination because of that relationship, and that she is entitled to money from the Jackie Bouvier Kennedy Onassis trust. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she has a biological connection to the Bouvier or Schlossberg family and is entitled to money from the Jackie Bouvier Kennedy Onassis Trust. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-

4

6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief). She also does not allege any facts explaining why she names Hyperion Books as a defendant.

The Court finds that Plaintiff does not provide any plausible factual support for her claims and, consequently, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she may believe to be true but are implausible. She has pleaded no factual predicate in support of her assertions; her allegations amount to conclusory claims and suspicions, and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

B.     **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the complaint as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge