UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLA BOUVIER,

                    Plaintiff,

          -against-

CAROLINE LEE BOUVIER KENNEDY
SCHLOSSBERG; HYPERION BOOKS,

                    Defendants.

24-CV-1374 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action against Caroline Bouvier Kennedy ("Kennedy"), claiming that she is biologically related to Kennedy and is entitled to an inheritance. By order dated July 8, 2024, the Court dismissed this case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and on July 10, 2024, the Clerk of Court entered judgment. On July 29, 2024, Plaintiff filed a Notice of Appeal of the dismissal order, and the Clerk of Court transmitted the action to the United States Court of Appeals for the Second Circuit. On December 2, 2024, the Court of Appeals dismissed the appeal because it "lack[ed] an arguable basis either in law or in fact." (ECF 10.) On December 11, 2024, Plaintiff filed a motion for reconsideration, challenging the Court's July 8, 2024 order of dismissal. Because the motion was captioned for the Court of Appeals and requested reconsideration of the Court of Appeals' December 2, 2024 dismissal order, on June 17, 2025, the Court denied the motion because it lacked jurisdiction to consider any request to review another court's decision.

The following month, on July 1, 2025, Plaintiff filed a motion for reconsideration under Rule 60(b)(2) of the Federal Rules of Civil Procedure, claiming that she possesses newly discovered evidence, and under Fed. R. Civ. P. 60(b), claiming that extraordinary circumstances warranted reconsideration of the Court's order of dismissal. The Court denies the motion. First,

Plaintiff does not describe any newly discovered evidence. Rather, she argues that "the necessity of DNA testing constitutes newly discovered evidence." (ECF 15 at 1.)

Second, Plaintiff does not describe any extraordinary circumstances that would warrant reconsideration of the Court's order of dismissal under Rule 60(b)(6). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Here, Plaintiff argues that "DNA testing was never sought earlier due to procedural roadblocks and lack of legal guidance." (ECF 15 at 2.) This assertion does not involve extraordinary circumstances. Rather, this assertion merely requests that Plaintiff be provided DNA testing to prove her claims. Such an assertion does not warrant reconsideration.

The Court therefore denies Plaintiff's motion for reconsideration.

### CONCLUSION

Plaintiff's motion for reconsideration (ECF 15) is denied. This case remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 27, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2